```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
_____
                              )
ERIC J DUARTE,                )
                              )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    23-12159-NMG
POLICE COMMISSIONER BRIGHTON  )
POLICE DEPT., OFFICER JOHN DOE,)
NURSE JANE DOE,               )
                              )
        Defendants.           )
                              )
_____)
```

ORDER

GORTON, D.J.

Plaintiff Eric J. Duarte's ("Duarte") renewed Application to Proceed without Prepayment of Fees (ECF No. 8) is ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1)(B), the Court assesses an initial partial filing fee of $2.88. The balance of the filing fee, $347.12, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at Bridgewater State Hospital, along with the standard Notice to Prison form.

Duarte's complaint is subject to screening under 28 U.S.C. § 1915(e)(2) because he is proceeding in forma pauperis. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action is frivolous or

malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court construes Duarte complaint "with some liberality" because he is proceeding pro se. Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ., 209 F.3d 18, 23 (1st Cir. 2000) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)).

Upon screening, the Court rules that Duarte's complaint fails to meet the basic pleading requirements of the Federal Rules of Civil Procedure and is subject to dismissal pursuant to 28 U.S.C. § 1915(e). Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). To be sure, "the requirements of Rule 8(a)(2) are minimal—but 'minimal requirements are not tantamount to nonexistent requirements,'" Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)). Put another way, the Federal Rules do not require "detailed factual allegations, but . . . more than

2

an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotations omitted).  In essence, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally."  Educadores Puertorriqueños en Acción, 367 F.3d at 68.

As the Court discerns it, Duarte's complaint recounts an incident that allegedly occurred at Saint Elizbeth's hospital in June 2021.  Compl. ¶ 12 -21.  Duarte claims that an unnamed Nurse and unnamed Brighton Police Officer allegedly accosted him in the restroom of the Saint Elizabeth Hospital's Emergency Room.  Id.  The details are murky as to what exactly occurred.  Id.  There are references to exhibits that were not attached.  Compl. ¶¶ 22, 34.  There are apparent non-specific references to Duarte being unsuccessfully prosecuted.  Compl. 22 – 25.  There are conclusory references that Saint Elizabeth Hospital's personnel somehow are municipal employees. Compl. ¶¶ 25, 27- 29.  There are conclusory references that what occurred at the hospital was an "institutionalized practice[]", Compl. ¶ 26.  There are conclusory allegations that unnamed municipal or county supervisors "had prior notice of the vicious propensities of Nurse Jane Doe and Officer John Doe, but took no steps to train them, correct their abuse of authority or discourage their

3

unlawful use of authority." Compl. ¶ 27. Such conclusory and speculative allegations, unadorned with plausibly pleaded factual allegations, do not support a claim of a policy or custom or failure to train. See Johnson v. City of Brockton, No. 23-CV-10906-ADB, 2024 WL 169169, at *4 (D. Mass. Jan. 16, 2024); Barker v. City of Boston, 795 F. Supp. 2d 117, 124 (D. Mass. 2011)

Duarte also fails to properly identify the defendants. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Id. Here, the caption on the form complaint identifies "Brighton Police Department Suffolk County, et al." Compl. 1, ECF No. 1. Within the form complaint, Duarte identifies "Officer John Doe, Police Officer Brighton Police Department," "Police Commissioner District D-14 Brighton, Boston Police District Commissioner, and "Nurse Jane Doe, Nurse Steward St. Elizabeth Medical Center." From the body of the complaint, however, it appears that Suffolk County is also added as a defendant. Compl. ¶ 10. The amended complaint must therefore properly identify all of the defendants in the caption, not rely on "et al."

Duarte also makes purported federal and state law claims by listing different legal claims at the end of the complaint. Compl. ¶¶ 32- 36. This type of pleading is insufficient, and it would be unfair to make the defendants -- to the extent they can

4

be identified -- respond.  Indeed, even if the complaint were otherwise sufficient, in its current form, the Court would not issue summonses as to "Doe" defendants, the non-existent "Police Commissioner" defendant, any police department because it is not a suable entity, or Suffolk County, because it is no longer a governmental entity, see Creach v. Dookhan, No. CV 20-10714-RGS, 2021 WL 4122131, at *1 (D. Mass. Sept. 9, 2021) ("Because the Massachusetts legislature abolished the government of six counties in 1999, including Suffolk County, the court will dismiss the County of Suffolk as a defendant in this action.") (citing Mass. Gen. Laws ch. 34B, § 1 (1999)).[1]

Accordingly, to the extent Duarte wishes to proceed, he shall file an amended complaint by **April 1, 2024, otherwise the action will be dismissed.**  The amended complaint -- a new stand-alone document -- must set forth plausible claims upon which relief may be granted.  In preparing the amended complaint, Duarte should not set forth his claims in a narrative format.  Rather, any amended complaint should, in sequentially numbered paragraphs, focus on the legal claims separately against each

---

[1] The Court is aware that Duarte has filed a virtually identical action in Suffolk County Superior Court shortly after this action was initiated, and that Court has already granted Suffolk County's motion to dismiss because, among other things, it is not a government entity.  See Duarte v. Doe, Suffolk Super. Ct. Civ No. 2384CV02358F, February 9, 2024, Order on Motion to Dismiss.

5

defendant, along with the basis for such claims. The amended complaint must include separate counts each supported by factual allegations. If an amended complaint is filed, it will be further screened. While Duarte may include exhibits that are relevant to the claims, <u>see</u> Fed. R. Civ. P. 10(c), if they are referenced as exhibits they must be attached. Nevertheless, the use of exhibits does not excuse Duarte of his responsibility to clearly and succinctly set forth the relevant allegations in the body of the complaint.

Finally, the motion to compel, ECF No. 14, is denied without prejudice inasmuch as the amended complaint will need to be screened, and summonses have not issued in this action.

**So Ordered.**

                                            <u>/s/ Nathaniel M. Gorton</u>
                                            NATHANIEL M. GORTON
                                            United States District Judge

Dated: March 8, 2024