United States District Court
District of Massachusetts

|  |  |
|---|---|
| Eric J. Duarte<br><br>    Plaintiff.<br><br>    v.<br><br>City of Boston et al.<br><br>    Defendants. | Civil Action No.<br>23-12159-NMG |

MEMORANDUM & ORDER

GORTON, J.

    This is a claim under 42 U.S.C. § 1983 and Massachusetts tort law brought by plaintiff, Eric Duarte ("plaintiff") pro se. Before the Court is a suggestion of bankruptcy filed by defendant, Steward St. Elizabeth's Medical Center of Boston ("the Hospital"), notifying this Court of an automatic stay pending bankruptcy proceedings. Pending also is the motion of defendant, the City of Boston, to dismiss plaintiff's claims. For the following reasons, the Court will extend the bankruptcy stay to all defendants and order this case to be administratively closed.

    Plaintiff alleges that, while at the Hospital in 2021, he was subjected to excessive force at the hands of defendants, Nurse Jane Doe ("Nurse Doe") and Boston Police Officer John Doe ("Officer Doe"). In 2023, plaintiff filed suit in this Court

- 1 -

against the above defendants, as well as the City of Boston, Mayor Michelle Wu, and Boston Police Commissioner Michael Cox, alleging various constitutional and tort-based claims. The City of Boston subsequently moved to dismiss. While that motion was pending, the Hospital notified this Court that it had filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas.

Pursuant to the United States Bankruptcy Code, 11 U.S.C. § 362(a), the filing of a petition for bankruptcy

> operates as a stay . . . of . . . the commencement or continuation . . . of a judicial, administrative, or other action . . . against the debtor.

The applicability of such a stay is automatic and took effect here on May 6, 2024, when the Hospital filed its voluntary bankruptcy petition. See In re Jamo, 283 F.3d 392, 398 (1st Cir. 2002).

Generally, stays pursuant to § 362(a) apply only to the debtor, the Hospital in this case, and "do not encompass non-bankrupt co-defendants." Bankart v. Ho, 60 F. Supp. 3d 242, 246 (D. Mass. 2014) (quotations omitted). As such, all defendants other than the Hospital are not subject to the stay. Courts have discretion, however, to extend stays to non-debtors. Id.

Among other reasons, a court may extend a bankruptcy stay "on equitable grounds to ensure judicial economy." Raudonis as Trustee for Walter J. Raudonis 2016 Revocable Tr. v. Realty

Shares, Inc., 507 F. Supp. 3d 378, 381 (D. Mass. 2020). A court may also impose a stay so that litigation may proceed in an orderly fashion "rather than piecemeal." Lobster 207, LLC v. Pettegrow, 1:19-cv-00552-LEW (D. Me. Apr. 10, 2024), slip op. at 7. The authority to impose such a stay is incidental to a court's power to "control the disposition of . . . its docket." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); see City of Bangor v. Citizens Commc'ns Co., 532 F.3d 70, 99 (1st Cir. 2008).

Here, after careful consideration of the facts and circumstances of this case, the Court finds that imposing a general stay as to all defendants is warranted. Plaintiff's complaint, filed pro se, alleges various federal and state-law claims without differentiating among defendants. Instead, the claims generally incorporate references to all named defendants. Thus, any attempt to resolve the interlinked factual and legal assertions in the complaint as to some defendants, but not others, would result in "piecemeal litigation" which, "in the interest of judicial economy," this Court seeks to avoid. Lobster 207, LLC, slip op. at 7. The Court will therefore order the entire case to be stayed.

Based on the Court's extension of the stay, the Court will further order this case to be administratively closed. Administrative closure permits a court to remove a case from its

active docket without issuing a final judgment that would be subject to appeal. Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 392 (1st Cir. 1999). The First Circuit has "endorsed the use" of administrative closure for cases that are "pending, but dormant," including cases where, as here, the Court is "await[ing] the lifting of the automatic stay imposed by the Bankruptcy Code [under] 11 U.S.C. § 362(a)." Id. at 392 & n.3.

Once a case has been administratively closed, a party may "restor[e] the action . . . upon an appropriate application," such as when an automatic bankruptcy stay is lifted. Id. at 392 & nn.3-4; see Corion Corp. v. Chen, 964 F.2d 55, 56-57 (1st Cir. 1992) (holding that order stating a case was "administratively closed" was not a final, appealable order). The Court will therefore administratively close this case with instructions that it may be reopened. Accord Rock Island Auction Co. v. Dean, No. 3:23-CV-2642-S-BN, 2024 WL 3092446, at *1 (N.D. Tex. June 21, 2024) (ordering case administratively closed based on bankruptcy stay but authorizing request to reopen case).

- 5 -

ORDER

For the foregoing reasons, this case is hereby **STAYED** as to all parties and **ADMINISTRATIVELY CLOSED**.

Based upon further developments, any party may move to vacate the stay and reopen the case within 60 days after the automatic stay as to defendant, Steward St. Elizabeth's Medical Center of Boston, Inc., has been vacated.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: November 15, 2024